1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

CREATIVE COMPOUNDS, LLC; S103, INC.,

CASE NO. 10CV1411 WQH (RBB)

12

Plaintiffs,

**ORDER**

13

vs.

14

MATTHIAS BOLDT; JOSEPH RODRIGUES; S.A.N. NUTRITION CORP.,

15
16

Defendants.

HAYES, Judge:

17
18

The matter before the Court is the Motion to Dismiss Complaint Under Fed. R. Civ. P.

19

12(b); or in the Alternative to Transfer Venue filed by Defendants Matthias Boldt and S.A.N.

20

Nutrition Corp. (ECF No. 8).

### BACKGROUND

21
22

On July 6, 2010, Creative Compounds, LLC and S103, Inc. initiated this action by

23

filing the Complaint. (ECF No. 1). On September 15, 2010, Defendants Matthias Boldt and

24

S.A.N. Nutrition Corp. filed a Motion to Dismiss Complaint. (ECF No. 8). On October 4,

25

2010, Plaintiffs filed an Opposition. (ECF No. 9). On October 11, 2010, Defendants filed a

26

Reply. (ECF No. 10).

//

27

//

28

//

# ALLEGATIONS OF THE COMPLAINT

Syntrax Innovations, Inc.[1] ("Syntrax") was a manufacturer of dietary supplements founded and owned by Derek Cornelius.  (ECF No. 1 at ¶¶ 12-13).  Cornelius also assisted in starting-up and consulted with Plaintiff Creative Compounds.  *Id*. at ¶ 14.  Plaintiff Creative Compounds worked closely with Syntax to supply it with ingredients and Syntax was privy to the trade secrets of Creative Compounds.  *Id*. at ¶¶ 15-16.

Defendant Rodrigues was employed by Syntrax as its National Sales Manager from 2001 to March 2002 and had access to information regarding products in development and trade secrets.  *Id*. at ¶ 17.  In 2002, Defendant Rodrigues conspired with Defendants S.A.N. Nutrition and its president Matthias Boldt to misappropriate trade secrets from Plaintiff Creative Compounds regarding its creatine malate salts for use in nutritional supplements.  *Id*. at ¶¶ 19, 22.

In July 2002, Syntax reformulated one of its products using the creatine malate salts. *Id*. at ¶ 33.  In the fall of 2002, Defendant S.A.N. Nutrition "introduced a product called V12 that included creatine malate salts." *Id*. at ¶ 34.  "Unbeknownst to Plaintiffs, Defendant Boldt filed a patent application for certain aspects of creatine malate salts on December 18, 2002." *Id*. at ¶ 35.

On September 19, 2006, a patent regarding creatine malate salts was issued to Defendant Boldt.  *Id*. at ¶ 37.  "Shortly before the Boldt patent issued, [Defendant] S.A.N. Nutrition disclosed to the public for the first time that it had sought and was being granted a patent on creatine malate salts." *Id*. at ¶ 38.  Following the public disclosure of [Boldt's patent, Plaintiffs] learned that Defendant Boldt … had contacted the same vendor [Plaintiff Creative Compounds] had previously contacted about supplying creatine malate salts … shortly after Rodrigues left [Plaintiff Creative Compound's] employment and began employment with [Defendant] S.A.N. Nutrition.  *Id*. at ¶ 40.

Plaintiffs assert one claim under Missouri Uniform Trade Secrets Act 417.450 *et seq*. based on the misappropriation and disclosure of trade secrets from Rodrigues to Boldt and

---

[1]  Syntrax Innovations, Inc. was acquired by Plaintiff S103, Inc.

S.A.N. Nutrition regarding the creatine malate salts. *Id*. at ¶¶ 42-48.

**CONTENTS OF THE PARTIES**

Defendants move to dismiss the Complaint because the statute of limitations on the misappropriation of trade secret claim has expired. Defendants contend that Syntrax initiated an action against Defendants Rodrigues, Boldt, and S.A.N. Nutrition approximately eight years ago on September 5, 2002, based on misappropriation of trade secrets from Creative Compounds. Defendants contend that Syntax had knowledge of an alleged conspiracy between Rodrigues, Boldt, and S.A.N. Nutrition before September 5, 2002. Defendants contend that California law should apply; however, Defendants further contend that Plaintiffs' claim is time-barred whether asserted under the Missouri Uniform Trade Secrets Act with a five-year statute of limitations or under the California Uniform Trade Secrets Act with a three-year statute of limitations.

Plaintiffs contend that the allegations in the Complaint are not "identical" to those asserted in the 2002 lawsuit. (ECF No. 9 at 2). "The allegations in the 2002 lawsuits were analogous, in that they also claimed misappropriation of trade secrets by Rodrigues, but the complaint in that suit expressly itemized a long laundry list of trade secrets that were misappropriated." *Id*. at 3. Plaintiffs contend that the trade secrets identified in 2002 were the only ones that could have been discovered at the time because they were based on products Defendants had released. Plaintiffs contend that it was not "reasonably ascertainable" that Defendants had misappropriated the creatine malate salts trade secrets before 2006, because Defendants had not introduced a product containing it "until after Plaintiffs had publically announced that they were doing the same." *Id*. at 2. Plaintiffs contend that Missouri law should apply.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

The time for bringing a claim under California's Uniform Trade Secret Act is "within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6. The time for bringing a claim under Missouri's Uniform Trade Secret Act is "within five years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Mo. Ann. Stat. § 417.461. The Complaint was filed on July 6, 2010.

The Complaint alleges, "in approximately the fall 2002, [Defendant S.A.N. Nutrition] introduced a product called V12 that included creatine malate salts." (ECF No. 1 at ¶ 34). Plaintiffs' assertion that it was not "reasonably ascertainable" that Defendants had misappropriated the creatine malate salts trade secrets before 2006 because Defendants had not released a product containing it, is in direct contradiction to the facts alleged in the Complaint. The Court concludes that the factual allegations in the Complaint are not adequate to plausibly suggest a claim entitling Plaintiff to relief. *See Moss*, 572 F.3d at 969. Defendants' Motion to Dismiss (ECF No. 8) on statute of limitations grounds is **GRANTED**.

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED**. Plaintiffs may file a motion for leave to file an amended complaint within thirty days from the date of this Order.

1   Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing

2   any motion. In the event no motion is filed, the Court will close the case.

3   DATED:  January 12, 2011

4

5                                                 **WILLIAM Q. HAYES**
                                                  United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28