1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  CREATIVE COMPOUNDS, LLC; S103,              CASE NO. 10CV1411 WQH (RBB)
    INC.,
12                                              **ORDER**
                                 Plaintiffs,
13           vs.
    MATTHIAS BOLDT; JOSEPH
14  RODRIGUES; S.A.N. NUTRITION
    CORP.,
15
                                 Defendants.
16

17  HAYES, Judge:

18        The matter before the Court is the Motion for Leave to File First Amended Complaint

19  filed by Plaintiff Creative Compounds, LLC and S103, Inc.  (ECF No. 15).

20                              **BACKGROUND**

21        On July 6, 2010, Creative Compounds, LLC and S103, Inc. initiated this action by

22  filing the Complaint.  (ECF No. 1).  On September 15, 2010, Defendants Matthias Boldt and

23  S.A.N. Nutrition Corp. filed a Motion to Dismiss Complaint.  (ECF No. 8).  On October 4,

24  2010, January 12, 2011, this Court issued an Order granting the Motion to Dismiss the

25  Complaint because the statute of limitations on the sole claim for misappropriation of trade

26  secret claim had expired.  (ECF No. 14).  The Court stated:

27        The Complaint alleges, 'in approximately the fall 2002, [Defendant
          S.A.N. Nutrition] introduced a product called V12 that included
28        creatine malate salts.'  Plaintiffs' assertion that it was not 'reasonably
          ascertainable' that Defendants had misappropriated the creatine malate
          salts trade secrets before 2006 because Defendants had not released a

product containing it, is in direct contradiction to the facts alleged in the Complaint.  The Court concludes that the factual allegations in the Complaint are not adequate to plausibly suggest a claim entitling Plaintiff to relief.

*Id.* at 4.  The Court also stated that Plaintiffs could file a motion for leave to file an amended complaint.

On February 211, 2011, Plaintiffs Creative Compounds, LLC and S103, Inc. filed the Motion for Leave to File First Amended Complaint.  (ECF No. 15).  Plaintiffs contend that the "proposed First Amended Complaint sets forth additional details regarding their initial discovery of defendants' misappropriation of creatine malate salts as a trade secret." *Id.* at 1-2.

On February 21, 2011, Defendants Matthias Boldt and S.A.N. Nutrition Corp. filed an Opposition.  (ECF No. 16).  Defendants contend that the proposed amended complaint "is objectively a rehash and reshuffling of facts of their initial complaint and Opposition to Defendants' Motion to Dismiss ...."  (ECF No. 16 at 5).  Defendants contend that the proposed amended complaint fails to allege "new evidence, facts, or information."  *Id.*

### DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"Not all of the [*Foman*] factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted).  "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After consideration of the submissions of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.  The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after leave to amend is granted and the amended pleading is filed.  *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 15) is GRANTED.  Plaintiffs shall file the proposed Third Amended Complaint attached to Plaintiffs' Motion (ECF No. 15-1) by no later than ten days from the date of this Order.

DATED:  March 29, 2011

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge