FILED

AUG 3 1 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC; S103, INC.,<br><br>                            Plaintiffs,<br><br>       vs.<br>MATTHIAS BOLDT; JOSEPH RODRIGUES; S.A.N. NUTRITION CORP.,<br><br>                        Defendants. | CASE NO. 10CV1411 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss the First Amended Complaint filed by Defendants Matthias Boldt and S.A.N. Nutrition Corp. (ECF No. 20).

## BACKGROUND

      On July 6, 2010, Creative Compounds, LLC and S103, Inc. initiated this action by filing the Complaint. (ECF No. 1). On September 15, 2010, Defendants Matthias Boldt and S.A.N. Nutrition Corp. filed a Motion to Dismiss the Complaint on the grounds that the statute of limitations on the misappropriation of trade secret claim has expired. (ECF No. 8). On January 12, 2011, this Court granted the Motion to Dismiss. (ECF No. 14).

      On April 7, 2011, Plaintiff filed the First Amended Complaint asserting one claim for misappropriation of trade secret. (ECF No. 19). On April 27, 2011, Defendants Matthias Boldt and S.A.N. Nutrition Corp. filed a Motion to Dismiss the First Amended Complaint on the grounds that the claim is barred by the statute of limitations. (ECF No. 20). On May 24,

2011, Plaintiff filed an Opposition. [1]  (ECF No. 23).  On May 26, 2011, Defendant filed a Reply.  (ECF No. 24).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff Creative Compounds, LLC is a Nevada limited liability company with its principal place of business in Missouri. (ECF No. 1 at 1).  Plaintiff S103, Inc.[2] is a Delaware corporation with its principal place of business in Missouri.  Defendant Matthias Boldt is a resident of California and President of S.A.N. Nutrition Corp., a Nevada corporation with its principal place of business in California.  Defendant Joseph Rodrigues is "currently" a resident of California.  *Id.* at 2.

Syntrax Innovations, Inc. was a manufacturer and wholesaler of consumer dietary supplements and sports nutrition foods, founded and owned by Derek Cornelius.  Cornelius also assisted in the startup and acted as an independent technical consultant to Plaintiff Creative Compounds.  Plaintiff Creative Compounds and Syntax worked closely  together.

Defendant Rodrigues was employed by Syntrax as its National Sales Manager from 2001 to March 2002 and he had access to information regarding products in development and trade secrets.  In 2002, Defendant Rodrigues conspired with Defendants S.A.N. Nutrition and its president Matthias Boldt to misappropriate trade secrets from Plaintiff Creative Compounds and Syntrax.  "One such piece of confidential information disclosed by Rodrigues to [S.A.N. Nutrition Corp.] and Boldt related to salts of creatine and malic acid ... and their use as an ingredient in a nutritional supplement."  *Id.* at 4.

Plaintiffs reformulated the product Swole to contain creatine malate salts and introduced it to the market in the fall of 2002.  "Sometime after the reformulation of Swole, in approximately the fall of 2002, [S.A.N. Nutrition Corp.] introduced a product called V12 that included creatine malate salts."  *Id.*

In December 2002, Syntrax initiated an action against S.A.N. Nutrition Corp., Boldt,

---

[1] On May 17, 2011, Plaintiffs filed an Ex Parte Application for an extension of time to file an opposition to the Motion to Dismiss.  (ECF No. 21).  The Ex Parte Application is GRANTED.

[2] S103, Inc. acquired Syntrax, including the right to sue for past damages and claims.

1  and Rodrogues for misappropriation of trade secrets for products that Defendants had
2  commericalized prior to Syntrax. The Missouri action did not allege misappropriation of trade
3  secrets regarding creatine malate sales "because Syntrax publicly announced its
4  commercialization ... before [S.A.N. Nutrition Corp.] and introduced a product containing
5  creatine malate salts many months before [S.A.N. Nutrition Corp.] did. Therefore, Syntrax
6  lacked evidence nor had any reason to believe at that time, that the defendants had
7  misappropriated the creatine malate salts trade secret." *Id.* at 5-6.

8         "Unbeknownst to Plaintiffs, Boldt filed a patent application for certain aspects of
9  creatine malate salts on December 18, 2002." *Id.* at 6. "On September 19, 2006, the Boldt
10  patent application issued as U.S. Patent No. 7,109,373 ('the '373 Patent')." *Id.* "Shortly
11  before the Boldt patent issued, [S.A.N. Nutrition Corp.] disclosed to the public for the first
12  time that it had sought and was being granted a patent on creatine malate salts." *Id.*

13         Following the public disclosure of the '373 Patent by S.A.N. Nutrition Corp.,
14  "[Plaintiffs Creative Compounds and Syntrax] were first able to ascertain that Rodrigues, in
15  cooperation with Boldt and [S.A.N. Nutrition Corp.] had misappropriated the trade secrets."
16  *Id.* "After public disclosure of the '373 Patent, [Plaintiffs Creative Compounds and Syntrax]
17  learned that Boldt (on behalf of [S.A.N. Nutrition Corp.]) had contacted the same vendor
18  [Plaintiff Creative Compounds] had previously contacted about supplying creatine malate salts;
19  that contact was made shortly after Rodrigues left [Plaintiff Creative Compound's]
20  employment and began employment with [S.A.N. Nutrition Corp.]." *Id.* at 6-7. The file
21  history of Boldt's patent contained an invoice for creatine malate salts which "(a) predated
22  Syntrax's public disclosure of creatine malate salts; (b) was contemporaneous with Rodrigues'
23  departure from Syntrax and move to [S.A.N. Nutrition Corp.]; and (c) was from the same
24  vendor that Creative had been using for its supply of creatine malate salts." *Id.* at 7. "Because
25  the trade secrets related to creatine malate salts were the only ones misappropriated by
26  defendants that were not involved in the commercialization (or announced thereof) of a
27  product before Syntrax, Syntrax and its successor could not have known or proven that the
28  Trade Secrets were misappropriated until the file history of the '373 Patent became public."

1 *Id.*

2       Plaintiffs assert one claim under Missouri Uniform Trade Secrets Act, RSMo. 417.450

3 et seq., based on misappropriation and disclosure of trade secrets by Rodrigues to Boldt and

4 S.A.N. Nutrition Corp. regarding the creatine malate salts.

5 <center>**CONTENTIONS OF THE PARTIES**</center>

6       Defendants move to dismiss the Complaint on the grounds that the complaint is barred

7 by California's three year statute of limitations. Defendants contend that California law

8 applies to this case on the grounds that California has a significant interest in protecting its

9 residents from "stale claims" which outweighs Missouri's interest in extending the statute of

10 limitations. (ECF No. 24 at 4).

11       Plaintiffs contend the claim was timely filed. Plaintiffs contend that Missouri's five

12 year statute of limitations applies to this case on the grounds that the misappropriation of trade

13 secrets occurred in Missouri and Defendant Rodrigues lived and was employed in Missouri at

14 the time of the misappropriation.

15 <center>**DISCUSSION**</center>

16       Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

17 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to

18 dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

19 --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).

20       A federal court sitting in diversity jurisdiction applies the conflict of law rules of the

21 forum state to determine whether the law of the forum state, or some other law, should govern

22 the case. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In

23 California, courts apply a three-part governmental interest test. *In re Nucorp Energy Sec.*

24 *Litig.*, 661 F.Supp. 1403, 1412 (S.D. Cal. 1987) (citing *Hurtado v. Super. Ct.*, 11 Cal.3d 574,

25 579-80 (1974)); *see also Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). "First,

26 the court must determine whether there is in fact a conflict between the competing jurisdictions

27 since 'there is obviously no problem where the laws of the two states are identical.'" *In re*

28 *Nucorp Energy Sec. Litig.*, 661 F.Supp. at 1412 (quoting *Hurtado*, 11 Cal.3d at 580). If a

<center>- 4 -</center>

1   conflict exists, the court must then "determine whether each jurisdiction has a legitimate

2   interest in the application of its law[s] and underlying policy." *In re Nucorp Energy Sec. Litig.*,

3   661 F.Supp. at 1412 (explaining that "if only one jurisdiction has a legitimate interest, there

4   is no actual conflict of laws problem.") (citing *Hurtado*, 11 Cal.3d at 580).   "If both

5   jurisdictions have a legitimate interest in the application of their conflicting laws, the court

6   should apply the law[s] of the state whose interest would be the more impaired if its law[s]

7   were not applied." *In re Nucorp Energy Sec. Litig.*, 661 F.Supp. at 1412; *see also Abogados*,

8   223 F.3d at 934 (explaining that the final stage analyzes the "'comparative impairment' of the

9   interested jurisdictions [and the court should] .... identify and apply the law[s] of the state

10  whose interest would be the more impaired if its law[s] were not applied.").

11          California's Uniform Trade Secret Act provides: "An action for misappropriation must

12  be brought within three years after the misappropriation is discovered or by the exercise of

13  reasonable diligence should have been discovered."   Cal. Civ. Code § 3426.6.   Missouri's

14  Uniform Trade Secret Act provides: "An action for misappropriation shall be brought within

15  five years after the misappropriation is discovered or by the exercise of reasonable diligence

16  should have been discovered."   Mo. Ann. Stat. § 417.461.   The Court finds that there is a

17  conflict between California's three year statute of limitations and Missouri's five year statute

18  of limitations.

19          "Statutes of limitation are designed to protect the enacting state's residents and courts

20  from the burdens associated with the prosecution of stale cases ...." *Ashland Chemical Co. v.*

21  *Provence*, 129 Cal. App. 3d 790, 794 (1982) (citing *McGee v. Weinberg*, 97 Cal. App. 3d 798,

22  804 (1979) ("Statutes of limitations are enacted as matters of public policy designed to promote

23  justice and prevent the assertion of stale claims after the lapse of long periods of time.)

24  (citations omitted).   In *American Bank of Commerce v. Corondoni*, 169 Cal. App. 3d 368

25  (1985), the California Court of Appeal found that "the interests of the foreign state will not be

26  significantly furthered" by applying the foreign state's statute of limitations period to a case

27  which was not brought in the foreign state against citizens of the foreign state. *See American*

28  *Bank of Commerce*, 169 Cal. App. 3d at 372-73. The court held that under those circumstances

1   the statute of limitations period for California, the forum state, should be applied. *Id.; see also*
2   *Deutsch v. Turner Corp.*, 324 F.3d 692, 717 (9th Cir. 2003) (explaining that where a California
3   statute of limitations would bar a claim "the governmental interest approach generally leads
4   California courts to apply California law[] ... because a state has a substantial interest in
5   preventing the prosecution in its courts of claims which it deems to be 'stale.'") (citations
6   omitted).

7         In this case, the Court finds that California and Missouri each have an interest in
8   having their law applied to this case. The Court concludes that California's interest would be
9   more impaired if its laws did not govern this case on the grounds that: (1) the complaint alleges
10  that a California citizen and a California corporation solicited and received misappropriated
11  trade secrets; (2) the case was filed in the United States District Court for the Southern District
12  of California; (3) the defendants are two California citizens and a California corporation; and
13  (4) the claim would be barred under California's statute of limitations. Accordingly, the Court
14  concludes that the laws of California govern this case.

15        Plaintiffs allege that on September 19, 2006, Defendant Boldt's patent application
16  regarding creatine malate salts was issued. (ECF No. 19 at 6). Plaintiffs allege: "Shortly
17  before the Boldt patent issued, [S.A.N. Nutrition Corp.] disclosed to the public for the first
18  time that it had sought and was being granted a patent on creatine malate salts." *Id*. Plaintiffs
19  allege that following the public disclosure of by S.A.N. Nutrition Corp., "[Plaintiffs Creative
20  Compounds and Syntrax] were first able to ascertain that Rodrigues, in cooperation with Boldt
21  and [S.A.N. Nutrition Corp.] had misappropriated the trade secrets." *Id*. This case was
22  initiated on July 6, 2010, over three years after September 19, 2006. The Court finds that
23  Plaintiffs' claim is barred by the statute of limitations.

24        A claim should be dismissed with prejudice only where it is clear that the complaint
25  cannot be saved by any amendment. *See Gompper v. VISX*, 298 F.3d 893, 898 (9th Cir. 2002).
26  The Court finds that Plaintiffs' failure to file this claim within the statute of limitations period
27  cannot be remedied by repleading the claim.

28  //

**CONCLUSION**

1

2    IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 20) is

3    GRANTED.  The Complaint is DISMISSED without leave to amend.    Plaintiffs' Ex Parte

4    Application for an extension of time to file an opposition to the Motion to Dismiss (ECF No.

5    21) is GRANTED.

6

7    DATED: ___8/29/11___

                        **WILLIAM Q. HAYES**

8                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28