Edmond E. Salem, Esq. (SBN 228274)
**THE SALEM LAW FIRM**
*A Professional Law Corporation*
2001 Wilshire Blvd., Suite 305
Santa Monica, CA 90403
Tel:  (310) 828-7882
Fax: (310) 828-7434

Attorney for Defendants Matthias Boldt
and S.A.N. Nutrition Corp.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, and S103, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MATTHIAS BOLDT, JOSEPH RODRIGUES, and S.A.N. NUTRITION CORP., <br><br><br> Defendants. | CASE NO.: 3:10-CV-01411-WQH-RBB <br><br> **DEFENDANTS MATTHIAS BOLDT AND S.A.N. NUTRITION CORP'S NOTICE OF NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:** November 14, 2011 <br> **Time:** 11:00 a.m. <br> **Courtroom 4:** Hon. William Q. Hayes <br><br> **[NO ORAL ARGUMENT UNLESS REQUESTED BY COURT]** <br><br> Complaint filed:  July 6, 2010 |

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

THE
SALEM
LAW FIRM
APLC

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on **November 14, 2011 at 11:00 a.m.**, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 940 Front Street, San Diego, CA 92101-8900, in the courtroom of Judge William Q. Hayes, Defendants Matthias Boldt (hereinafter "BOLDT") and S.A.N. Nutrition Corp., (hereinafter "SAN") will and hereby do move this Court for an order imposing sanctions against Plaintiffs, Plaintiffs' counsels, and counsels' law firms under Rule 11 of the Federal Rules of Civil Procedure.

This motion is brought on the following grounds:

1. Plaintiffs' Initial Complaint and First Amended Complaint (hereinafter "FAC") completely lacked merit. Due to contradictory factual allegations, Plaintiffs failed to state a claim entitling Plaintiffs to relief. Ultimately, the court dismissed Plaintiffs' FAC with prejudice because the factual allegations clearly made the claim time barred by California substantive law.

2. Plaintiffs filed their Initial Complaint and FAC for an improper purpose. Plaintiffs have been litigating the same fact pattern and legal issues against the same parties for over eight years. Over these eight years, Plaintiffs have filed complaints and/or petitions against Defendants in the state court of Missouri, federal district courts in four states—including two in California: the Central and Northern District—and the United States Court of Appeal. Clearly, Plaintiffs

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

THE
SALEM
LAW FIRM
APLC

have been relentlessly litigating the same facts and legal issues in order to obtain a favorable result, harass Defendants, and increase Defendants' legal costs.

Based on the foregoing facts, Plaintiffs undoubtedly acted in bad faith. Plaintiffs willfully filed their defective FAC even after receiving unequivocal notice of their frivolous claims from Defendants, this Court, and all other tribunals. Moreover, Plaintiffs have engaged in similar conduct by litigating the same unsuccessful and frivolous claims numerous times in state and federal courts. Such conduct abused the litigation process, resulting in wasted time and expense of Defendants and the courts. An order imposing $102,843.99 of monetary sanctions will deter future misconduct.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Edmond E. Salem, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Date:   October 7, 2011                    THE SALEM LAW FIRM
                                           *A Professional Law Corporation*


                                           _____
                                           Edmond E. Salem, Esq.
                                           Attorney for Defendants Matthias Boldt
                                           and S.A.N. Nutrition Corp.

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

THE
SALEM
LAW FIRM
APLC

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................... 5

TABLE OF EXHIBITS ......................................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 8

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 8

I.   PRELIMINARY STATEMENT ........................................................ 8

II.   BACKGROUND ........................................................................ 10

A.   Plaintiffs' Allegations in the Initial Complaint and FAC ................. 10

B.   Past Litigation of the Same Factual and Legal Issues ..................... 12

III.   ARGUMENT ........................................................................... 15

A.   Plaintiffs willfully asserted a frivolous claim for improper purposes, warranting Rule 11 sanctions................................................................... 15

1.   Rule 11 Requirements ........................................................... 15

2.   Plaintiffs' claim was clearly not warranted by existing law ............ 16

3.   Plaintiffs improperly asserted their frivolous claim in order to harass defendants and obtain a favorable result after several unsuccessful attempts. ...... 21

IV.   CONCLUSION ........................................................................ 23

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4

THE
SALEM
LAW FIRM
APLC

# __TABLE OF AUTHORITIES__

<u>Cases</u>

*Caisse Nationale De Credit Agricole-CNCA New York Branch v. Valcorp, Inc.*, 28 F.3d 259 (2nd Cir. 1994) ...................................................................................................23

*Calloway v. Marvel Entertainment Group*, 9 F.3d 237 (2nd Cir. 1993) ......................23

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)................................................17

*Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996)....................................17

*Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1026 (2000) ....................18

*Intermedics Inc., v. Ventritex, Inc.*, 822 F. Supp 634, 657 (N.D.Cal 1993) .................18

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996)..................23

<u>Statutes</u>

35 USC 122 (b)(1)(A). ...................................................................................................13

California Civil Code §3426.............................................................................................17

Fed. R. Civ. P. 11(b) .......................................................................................................15

Fed. R. Civ. P. 11(c)........................................................................................................16

Revised Statutes of Missouri §417.461 .........................................................................18

<u>Other Authorities</u>

Fed. R. Civ. P. 11, 1993 Advisory Committee's notes .............................................15, 21

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

5


THE
SALEM
LAW FIRM
APLC

# TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Letter seeking dismissal of Plaintiffs' claim sent by defense counsel Edmond E. Salem on September 1, 2010 to Plaintiffs' counsels SUSAN L. OLIVER and MATTHEW A. ROSENBERG. |
| B | Complaint filed on September 5, 2002 by Syntrax Innovations, Inc. in the matter of *Syntrax Innovations, Inc. v. Boldt, et al*, filed in the Circuit Court of Scott County at Benton, Missouri, Case No. 02 CV 746235. |
| C | Court Docket in the matter of *Syntrax Innovations v. Boldt, et al*, filed in United States District Court – Eastern District of Missouri, Case No. 1:03-CV-00006-LMB. |
| D | Order of Dismissal Without Prejudice filed on April 24, 2003 in the matter of *Starmark Laboratories v. Creative Compounds, LLC,* filed in the United States District Court – Eastern District of Pennsylvania, Case No. 2:06-CV-04745-JD. |
| E | Complaint filed on October 23, 2006 by Starmark Laboratories, Incorporated in the matter of *Starmark Laboratories v. Creative Compounds, LLC,* filed in the United States District Court – Eastern District of Pennsylvania, Case No. 2:06-CV-04745-JD. |
| F | Court Docket in the matter of *Starmark Laboratories v. Creative Compounds, LLC,* filed in the United States District Court – Eastern District of Pennsylvania, Case No. 2:06-CV-04745-JD. |
| G | Complaint filed on October 26, 2007 by Creative Compounds, LLC in the matter of *Creative Compounds, LLC v. Starmark Laboratories,* filed in the United States District Court – Southern District of Florida, Case No. 07-22814-CIV-GOLD/MCALILEY. |
| H | Order Denying Plaintiff's Motion to Dismiss [DE98]; Granting Defendant's Motion for Summary Judgment of Validity and Infringement [DE 59]; Closing Case entered by the court on September 17, 2009, filed in the matter of *Creative Compounds, LLC v. Starmark Laboratories,* filed in the United States District Court – Southern District of Florida, Case No. 07-22814-CIV-GOLD/MCALILEY. |

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

6

THE
SALEM
LAW FIRM
APLC

I  Court Docket in the matter of *Creative Compounds, LLC v. Starmark Laboratories,* filed in the United States District Court – Southern District of Florida, Case No. 07-22814-CIV-GOLD/MCALILEY.

J  Case Details in the matter of *Creative Compounds, LLC v. Starmark Laboratories, Incorporated,* Filed in the United States Court of Appeals for the Federal Circuit, Case No. 2010-1445.

K  United States Patent for Creatine Salts and Method of Making Same, Patent No. 7,109,373 B2.

L  Pre-Grant Disclosure of United States Patent Application 20040133040, dated July 8, 2004.

M  Decision in the matter of *Creative Compounds, LLC v. Starmark Laboratories, Inc,* filed in the United States District Court of Appeals for the Federal Circuit, Case No. 2010-1455.

N  Complaint filed on September 9, 2011 by Creative Compounds, LLC in the matter of *Creative Compounds, LLC v. S.A.N. Nutrition Corp et al.,* filed in the United States District Court – Northern District of California, Case No. CV-11-4502.

O  Edmond E. Salem's Attorney's Fees and Costs incurred in the matter of *Creative Compounds v. S.A.N. Corporation.*

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7



THE
SALEM
LAW FIRM
APLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Defendants move, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, for sanctions against Plaintiffs CREATIVE COMPOUNDS, LLC (hereinafter "Creative Compounds") and S103, INC. (hereinafter "S103), Plaintiffs' counsels, MATTHEW A. ROSENBERG of the LAW OFFICES OF MATTHEW ROSENBERG, LLC and SUSAN L. OLIVER of WHITE, OLIVER, AMUNDSON & GALLAGHER, for asserting a claim that was neither warranted by existing law, nor was, as required by Rule 11(b)(2), a "non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law."  An award of Rule 11 sanctions imposing a monetary penalty on Plaintiffs, Plaintiffs' counsels, and counsels' law firms is appropriate because Plaintiffs' claim lacked merit. Moreover, Plaintiffs repeatedly refused to withdraw the claim, even in the face of unfavorable decisions and dismissals from various courts, including this Court. Plaintiffs undoubtedly asserted such frivolous claim for an improper purpose.

Eight years after a possible cause of action arose, after already having a factually identical case dismissed in Missouri and Pennsylvania, and after having a factually identical case fail to survive a Motion for Summary Judgment in Florida, Plaintiffs continued their forum shopping in California, alleging the same identical facts knowing the statute of limitations has run.  Plaintiffs asserted a claim before this Court under Missouri's Uniform Trade Secrets Act (hereinafter "MUTSA"), alleging

---

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8

THE SALEM LAW FIRM APLC

misappropriation and disclosure of trade secrets by Defendants MATTHIAS BOLDT (hereinafter "Boldt"), S.A.N. NUTRITION CORP. (hereinafter "SAN"), and JOSEPH RODRIGUES (hereinafter "Rodrigues").  Plaintiffs asserted this stale claim before this Court under Missouri rather than California law because of the Missouri law's longer statute of limitations.  Without legal and factual basis, Plaintiff contended that Rodrigues conspired with Defendants to misappropriate trade secrets regarding salts of creatine and malic acid.  Since Plaintiffs had already litigated the matter three times, Plaintiffs knew the alleged facts very well.  However, instead, Plaintiffs attempted to establish a viable claim by alleging vague and contradictory facts that lacked any evidentiary support.  Pursuant to well-settled law, which was cited in Defendants' Rule 12(b)(6) motion, these allegations, even if true, were time barred by California substantive law.  Contrary to unequivocal precedent, Plaintiffs asserted this frivolous claim in the Initial Complaint and later in the FAC.  Plaintiffs continued to do so, despite defense counsel's request to withdraw the claim because it lacked merit and was time-barred.

Rule 11 sanctions are particularly appropriate here because, after a reasonable inquiry under the circumstances, Plaintiffs knew their claim completely lacked any evidentiary support and lacked merit under existing law based on the previously dismissed claims.  After sitting on their rights, Plaintiffs brought a claim not warranted by either Missouri or California law.  Plaintiffs continued to assert the same contradictory factual allegations even after this Court cited to these very defects when it

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

9

1   dismissed Plaintiffs' Initial Complaint.  Moreover, Plaintiffs clearly filed their Initial

2   Complaint and FAC for an improper purpose.  Plaintiffs have been unsuccessfully

3   litigating the same fact pattern and legal issues against the same parties for over eight

4   years in order to obtain a favorable result, harass Defendants, and increase Defendants'

5   legal costs.

6

7   II.   **BACKGROUND**

8        A.   **Plaintiffs' Allegations in the Initial Complaint and FAC**

9        Plaintiffs asserted one claim under MUTSA, alleging misappropriation and

10  disclosure of trade secrets related to creatine malate salts.  [DE [1] 1, ¶ 41-48; DE 19, ¶

11  47-54].  Syntrax Innovations, Inc. (hereinafter "Syntrax"), which S103 subsequently

12  acquired, manufactures and sells consumer dietary supplements and nutritional foods.

13  [DE 1, ¶ 11, 36; DE 19, ¶ 12, 40].  Derek Cornelius, who founded and owned Syntrax,

14  purportedly assisted in creating Creative Compounds, where he served as an

15  independent consultant.  [DE 1, ¶ 13-14; DE 19, ¶ 13-14].   Plaintiffs alleged that, while

16  employed by Syntrax from 2001 to 2002, Rodrigues had access to information and

17  trade secrets.  [DE 1, ¶ 17-18; DE 19, ¶ 17-18].  Plaintiffs further alleged that Rodrigues

18  conspired with Boldt, president of SAN, to misappropriate trade secrets, specifically

19  with regards to creatine malate salts and their use as a nutritional supplement.  [DE 1, 3-

20  4; DE 19, 4-5].

21

22

23

24

25

26

27  _____

28  [1] All references to pleadings filed and orders entered in the matter before this court, *Creative Compounds, LLC v. Boldt, et al*, United States District Court for the Southern District of California, Case No. 10-CV-01411-WQH-RBB are referred to by their docket number and cited "DE".

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

10

THE
SALEM
LAW FIRM
APLC

In an effort to conceal the fact that Plaintiffs lacked any evidentiary support, Plaintiffs attempted to establish a viable claim by alleging vague and contradictory facts.  The Initial Complaint alleged contradictory facts regarding the date Plaintiffs discovered the alleged misappropriation.  After obtaining leave to amend, Plaintiffs failed to cure the contradictory factual allegations.  First, Plaintiffs asserted that, "unbeknownst to Plaintiffs," Boldt filed a patent application for a certain aspect of creatine malate salts on December 18, 2002. [DE 1, ¶ 35; DE 19, ¶ 39].  Shortly before the patent application was issued as U.S. Patent No. 7,109,373 (hereinafter "373 Patent") on September 19, 2006, SAN disclosed publicly that it had sought and was granted a patent. [DE 1, ¶ 38; DE 19, ¶ 42].  Purportedly, only then did Plaintiffs first ascertain that a misappropriation had occurred. [DE 1, ¶ 39; DE 19, ¶ 43].  However, Plaintiffs also alleged that around the fall of 2002, SAN publicly introduced V12, a product that included creatine malate salts. [DE 1, ¶ 34; DE 19, ¶ 34].  This directly contradicted Plaintiffs' allegation that it was "not 'reasonably ascertainable' that Defendants had misappropriated a trade secret before 2006 because Defendants had not released a product that contained it." [DE 14, 4:21-23].

Plaintiffs filed the Initial Complaint on July 6, 2010. [DE 1, 1].  On September 1, 2010, defense counsel sent a detailed letter to Plaintiffs' counsels informing Plaintiffs of their baseless and time-barred claim.  [Declaration of Edmond E. Salem (hereinafter

---

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

11

THE
SALEM
LAW FIRM
APLC

"Salem Decl.") ¶ 3; *see also* Exh. A attached to Salem Decl.[2]]  Citing to applicable law and outlining Plaintiffs' lack of factual support, defense counsel demanded that Plaintiffs immediately dismiss this matter with prejudice.  *See id.*  However, Plaintiffs' counsels provided no response to defense counsel's correspondence and simply continued to litigate the baseless and stale claim.  [Salem Decl. ¶ 4.]

As a result of the direct factual contradictions of Plaintiffs' Initial Complaint, this Court found that Plaintiffs failed to state a claim entitling Plaintiffs to relief and granted Defendants' Motion to Dismiss the Initial Complaint on January 12, 2011.  [DE 14, 4].  On April 7, 2011, Plaintiffs filed the FAC, which asserted the same factual contradictions.  [DE 19, ¶ 25, 33-34].  This court subsequently dismissed Plaintiffs' FAC as time barred by California's Uniform Trade Secret Act.  [DE 25, 6].

### B.  Past Litigation of the Same Factual and Legal Issues

Plaintiffs have been litigating the same fact pattern and legal issues against the same parties five times in over eight years.  Through the course of eight years, Plaintiffs have filed complaints and/or petitions against Defendants in the state court of Missouri, United States District Court of Missouri, Eastern District, the United States District Court of Pennsylvania, Eastern District, the United States District Court of Florida, Southern District, the United States Court of Appeals for the Federal Circuit,[3] and now the United States District Court of California, Southern District – for the second time.

---

[2] All exhibits are attached to the Declaration of Edmond E. Salem In Support of Defendants Matthias Boldt and S.A.N. Nutrition Corp's Motion for Rule 11 Sanctions filed concurrently with this Motion.
[3] The United States Court of Appeals for the Federal Circuit decided the appeal in Defendants' favor. *See* Exh. M.

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12

THE
SALEM
LAW FIRM
APLC

*See* Exh. A-J.  Further, this past month, Plaintiffs filed another action asserting the same exact issues in United States District Court of California, Northern District.  *See* Exh. N.

Plaintiffs' relentless quest to litigate the alleged misappropriation began on September 5, 2002 when Syntrax filed the lawsuit *Syntrax Innovations, Inc. v. Matthias Boldt, Joe Rodrigues, and S.A.N. Nutrition Corporation* in the Circuit Court of Scott County at Benton Missouri, Case No. 02CV746235 (hereinafter "The Missouri Complaint").  (Exh B).  The Missouri Complaint alleged that Rodrigues passed trade secrets and/or confidential information, "including disclosure of new chemicals, compounds or substances developed exclusively by Plaintiff for use in its nutrition products," to Defendants Boldt and SAN.  (Exh. B, p4).  The Missouri action was removed to the United States District Court of Missouri, Eastern District as *Syntrax Innovations v. Boldt., et al*, Case Number 1:03-cv-00006-LMB on or about January 13, 2003.  (Exh. C, p1).  Four months later, on April 24, 2003, Syntrax filed a voluntary dismissal of the Missouri action. (Exh. D, p1).

While the Missouri action was pending in state court, and subsequently federal court, Defendant Boldt submitted the patent application for his patent for Creatine Salts and Method of Making Same.  (Exh. K).  In the course of obtaining the 373 Patent, the United States Patent Office publically disclosed the 373 Patent application on or about July 8, 2004 pursuant to 35 U.S.C. 122 (b) (1) (A), which requires public disclosure within eighteen months after the filing of all patent applications filed after 2001.  (Exh.

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

13

THE
SALEM
LAW FIRM
APLC

L).  Subsequent to this public disclosure and after the 373 Patent had been issued,

Starmark Laboratories, Inc. (hereinafter "Starmark"), a corporation owned by

Defendant Boldt, filed a complaint in the United States District Court for the Eastern

District of Pennsylvania, alleging that Plaintiff Creative Compounds was infringing on

the 373 Patent.  (Exh. E, p2-3).  The Pennsylvania case, *Starmark Laboratories,*

*Incorporated v. Creative Compounds, LLC*, Case No. 2:06:CV-04745-JD, was

dismissed on or about November 16, 2007, pursuant to a stipulation of the parties due to

a lack of personal jurisdiction. (Exh. F, p8).

Plaintiff Creative Compounds' immediate reaction was to file a complaint for

declaratory relief asserting that the 373 Patent was invalid in the matter of *Creative*

*Compounds, LLC v. Starmark Laboratories, Inc.*, United States District Court for the

Southern District of Florida, Case No. 07:22814-CIV-GOLD/MCALILEY on October

26, 2007 (hereinafter "Florida Complaint").  (Exh. G).  Similarly, Creative Compounds

asserted that the 373 Patent had been obtained through a conspiracy between Boldt,

Rodrigues and SAN, the same defendants in this instant matter, to misappropriate trade

secrets of Creative Compounds, LLC and Syntrax Innovations, Inc.  *See id.*  On

September 17, 2009, the District Court found that Creative Compounds failed to allege

sufficient facts to establish that any trade secrets had been misappropriated.  (Exh. H).

The District Court found that this matter could not survive a Motion for Summary

Judgment and decided in favor of Defendant Starmark.  *Id.* at 28-29.  The Florida

litigation continued to address the remaining issues of attorneys fees and enhanced

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

14

THE
SALEM
LAW FIRM
APLC

damages against Creative Compounds, resulting in a bench trial on June 10, 2010 and a final judgment in that matter on July 13, 2010. (Exh. I). Creative Compounds appealed to the Federal Circuit, which affirmed the Florida District Court's decision. (Exh. M).

Not surprisingly, on July 6, 2010 – one month after the Florida bench trial and nearly nine months after the Florida District Court concluded that Creative Compounds had no proof that a misappropriation of trade secrets occurred – Plaintiffs Creative Compounds, LLC and S103, Inc. filed their Initial Complaint with this Court, asserting the exact same misappropriation claims. [DE 1, 2-5]. Further, shortly after this Court dismissed the FAC, Creative Compounds filed yet another action in the United States District Court of California, Northern District, asserting patent infringement based on the same exact factual allegations. (Exh. N).

### III.   ARGUMENT

#### A.   Plaintiffs willfully asserted a frivolous claim for improper purposes, warranting Rule 11 sanctions.

##### 1.   Rule 11 Requirements

Rule 11 of the Federal Rules of Civil Procedure requires litigants to "stop and think" before making legal or factual contentions. *See* Fed. R. Civ. P. 11, 1993 Advisory Committee's notes. It also subjects litigants to potential sanctions for insisting upon a position after it is no longer tenable. *Id.* Specifically, Rule 11(b) provides:

> By presenting to the Court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an

---

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

15

THE
SALEM
LAW FIRM
APLC

attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

\*     \*     \*

(2) the claims, defenses, and other legal contentions therein are warranted by existing       law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law...

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

If the Court determines that Rule 11(b)(2) has been violated, the Court has broad discretion to impose appropriate sanctions upon the attorney responsible for the violation. Fed. R. Civ. P. 11(c).  In addition, the Court may award the party prevailing on the motion the reasonable expenses and attorney's fees incurred to present the motion. Fed. R. Civ. P. 11(c)(1)(A).  Defendants request the maximum relief afforded by Rule 11.

Here, Plaintiffs' conduct warrants sanctions because Plaintiffs persisted in asserting the misappropriation claim against Defendants without any reasonable legal or factual support that the claim was not time barred.  Plaintiffs' unjustified refusal to withdraw the claim, even in the face of controlling substantive law, Supreme Court precedent, and defense counsel's request to dismiss the suit, which cited the aforesaid authority, justifies an award of sanctions.

**2.     Plaintiffs' claim was clearly not warranted by existing law**

---

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

16

THE
SALEM
LAW FIRM
APLC

Contradictory allegations contained in the Initial Complaint and FAC precluded Plaintiffs from establishing a cognizable legal theory.  Specifically, Plaintiffs knowingly failed to allege facts that would establish that the misappropriation claim was not time-barred by both California and Missouri law.

The law clearly did not support Plaintiffs' claim. Plaintiffs asserted proper venue under diversity jurisdiction and only one cause of action for the alleged misappropriation of their trade secret by the Defendants under MUTSA.  [DE 1, ¶ 41-48; DE 19, ¶ 47-54].   However, this was an untenable cause of action because federal courts exercising diversity jurisdiction must apply the substantive law of the state in which it is located, except on matters governed by the U.S. Constitution or federal statutes. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996).

Here, California Civil Code §3426.6 provides that:

> "[a]n action for misappropriation must be brought ***within three years*** after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." [Emphasis added]

Further, California Civil Code §3426.6 provides that, "[f]or the purposes of this section, a continuing misappropriation constitutes a single claim."  In misappropriation claims, California law imposes "a responsibility to take prompt and assertive corrective action with respect to all of [plaintiff's] interests whenever [a plaintiff] detects a fracture in a once confidential relationship." *Id.*  Consistent with this principle, Ninth Circuit Courts and California Courts have concluded that:

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

17

THE
SALEM
LAW FIRM
APLC

"...when the statute of limitations begins to run on some of a plaintiff's trade secret claims against given defendants, the statute also begins to run at the same time as to other trade secret claims against those same defendants, even if there have not yet been any acts of misappropriation of the other trade secrets, at least when the plaintiff shared all the trade secrets with the defendants during the same time period and in connection with the same relationships and when the trade secrets concern related matters." *Intermedics Inc., v. Ventritex, Inc.*, 822 F. Supp 634, 657 (N.D. Cal 1993). *See also, Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1026 (2000) (affirming the "unanimous conclusion of ... federal courts construing *section* 3426.6 [including the district court in *Intermedics*] *... that it is the first discovered (or discoverable) misappropriation of a trade secret which commences the limitation period*"). (Emphasis added).

Moreover, even assuming California substantive law did not apply, Plaintiffs' alleged claim was also time barred under MUTSA. Pursuant to the Missouri law, an action for misappropriation must be brought "*within five years* after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Rev. Stat. of Missouri §417.461 (emphasis added) (stating "a continuing misappropriation constitutes a single claim").

Pursuant to both California and Missouri law, Plaintiffs undoubtedly had no viable claim because Plaintiffs had knowledge of the alleged conspiracy since as early as 2002 or 2004 at the latest. First, Plaintiffs alleged that Boldt and SAN conspired with Rodrigues in the year 2002 to misappropriate Plaintiff's trade secrets relating to creatine malate salts, violating MUTSA. [DE 1, ¶ 19; DE 19, ¶ 19]. Secondly, the litany of past and currently pending litigation indicates that Plaintiffs knew or had reason to know of any misappropriation related to the creatine malate salts at issue

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

18

THE
SALEM
LAW FIRM
APLC

since 2002.  Syntrax filed the Missouri action against Boldt, SAN, and Rodrigues on November 22, 2002, making the very same allegations as those raised in this matter. (Exh. B, p4).  Furthermore, Plaintiffs knew or had reason to know of any misappropriation in 2004 when the 373 Patent was published.  (Exh. L, p1).  The 373 Patent application became available on July 8, 2004 – well before 2006.  *See id.*  As such, Plaintiffs knew any claim under Missouri state law should have been brought by September 5, 2007, but absolutely no later than July 8, 2009.

In a desperate attempt to conceal their time-barred claim and obtain a favorable judgment in California, Plaintiffs alleged that they could not ascertain that Rodrigues, in cooperation with Boldt and SAN, misappropriated their trade secret until after the public disclosure by SAN regarding the pending 373 Patent in 2006.  [DE 1, ¶ 37-40; DE 19, ¶ 41-46].  On January 12, 2011, this Court granted Defendants' Motion to Dismiss Plaintiffs' Initial Complaint on the grounds that "Plaintiffs' assertion that it was not 'reasonably ascertainable' that Defendants had misappropriated the creatine malate salts trade secrets before 2006 because Defendants had not released a product containing it, is in direct contradiction to the facts alleged in the Complaint."  [DE 14, 4:21-23]  The direct contradiction cited by the Court was Plaintiffs' allegations that "in approximately the fall 2002, [Defendant SAN Nutrition] introduced a product called V12 that included creatine malate salts. . ."  [DE 14, 4:21-23].

Plaintiffs then asserted the same exact allegations in the FAC without any attempt to cure the contradictions.  Plaintiffs asserted in the FAC that:

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

19

25. Syntrax planned on using the creatine malate salt in a reformulation of its Swole nutritional supplement.

33. The reformulated Swole product, containing creatine malate salts was introduced in or around July 2002.

34. Sometime after the reformulation of Swole, in approximately the fall of 2002, SAN introduced a product called V12 that included creatine malate salts. [DE 19, ¶¶ 25, 33-34]

Plaintiffs also claimed that the Missouri litigation "did not include creatine malate salts because "Syntrax lacked evidence nor had any reason to believe at that time, that the defendants had misappropriated the creatine malate salts trade secret" [DE 19, ¶36] and "Syntrax and its successor could not have known or proven that the Trade Secrets were misappropriated until the file history of the 373 Patent became public." [DE 19, ¶46].

However, Plaintiffs' FAC clearly established that, as of the fall of 2002, Plaintiffs knew or should have known of any misappropriation of the creatine malate salts by Defendants. In particular, Plaintiffs specifically alleged in both the Initial Complaint and FAC that Defendants introduced V12, a product "that included creatine malate salts." [DE 1, ¶34 ; DE 19, ¶34]. Similarly, Plaintiffs alleged in the Missouri Complaint that they had reason to believe that "new chemicals" were the subject of the alleged misappropriation in 2002. (Ex. B, p3). Because Plaintiffs admitted they had knowledge of the V12 product in the fall of 2002, they should have known or proven that the alleged trade secrets had been misappropriated around September 2002 through April 2003, the period of time when the Missouri litigation was pending in either State or Federal court. Plaintiffs alleged that they could not have known about or discovered the alleged misappropriation of trade secrets until the issuance of the 373 Patent on

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

20

THE
SALEM
LAW FIRM
APLC

September 19, 2006.  This blatantly false plea of ignorance directly contradicted their own allegations regarding the introduction of Defendant SAN's V12 product in the fall of 2002.  At the very latest, the alleged misappropriation became discoverable by July 2004 when the 373 Patent was published.

Accordingly, Plaintiffs in this matter had knowledge of the alleged conspiracy and misappropriation since as early as 2002 but failed to timely prosecute their alleged claim.  Any claim by Plaintiffs against Boldt, SAN, and Rodrigues for an alleged trade secret violation was undeniably time barred under both California and Missouri law.  In a desperate attempt to assert a viable claim, Plaintiffs falsely pled ignorance of a discoverable misappropriation until September 2006.  Ultimately, Plaintiffs could not cure the defects of the Initial Complaint because Plaintiffs knew they lacked evidentiary support and relief for their claim under existing law.

> ### 3.     Plaintiffs improperly asserted their frivolous claim in order to harass defendants and obtain a favorable result after several unsuccessful attempts.

Although Rule 11 itself does not enumerate the factors a court should consider in deciding whether to impose a sanction, the Advisory Committee notes provide several relevant factors, including:  whether the conduct was willful or negligent; whether it was a part of a pattern of activity or an isolated event; whether the person has engaged in similar conduct in other litigation; and whether the person responsible is trained in the law.  *See* Fed. R. Civ. P. 11, Advisory Committee's notes.

---

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

21

THE SALEM LAW FIRM APLC

Plaintiffs' refusal to withdraw the claim after requests from defense counsel, a dismissal from this Court regarding the contradictions of facts at issue, and Plaintiffs' past history of litigating the same exact claim against the same exact parties leave no doubt that the conduct here was willful. The conduct in this case was not an isolated event. Plaintiffs and attorney Rosenberg have raised the same unsupportable claim in this Court, a state court, and federal courts in three other states. The claim that Plaintiffs sought to litigate before this Court involves more than a mere logical relationship. At the time of this instant litigation, Plaintiffs and attorney Rosenberg concurrently litigated the exact same facts related to the exact same dicreatine malate salts and patents before the United States Court of Appeals for the Federal Circuit. (Exh. J). As they did here, Plaintiffs and attorney Rosenberg are again litigating the same facts, involving the same legal issues and parties, in the United States District Court of California, Northern District, simply because they did not receive the desired outcome before this Court and in the Florida litigation.

In light of the foregoing litany of baseless litigation brought by Plaintiffs and Plaintiffs' counsels, an award of sanctions is a necessary deterrent. Oliver and Rosenberg, as attorneys trained in the law, also cannot rely on their unfamiliarity with litigation of this nature. Indeed, they have handled similar matters, including for Plaintiffs specifically. Rosenberg has been the lead attorney in all past and present litigation.

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

22

THE
SALEM
LAW FIRM
APLC

Accordingly, Defendants request reimbursement for attorney's fees and costs in the amount of $27,843.99 incurred responding to Plaintiffs' claim, including time spent researching the claim and developing defenses; drafting two motions to dismiss; drafting this motion for sanctions; and, corresponding with Oliver and Rosenberg to request that they withdraw the claim.  [Salem Decl. ¶ 19-20; *see also* Exh. O].  Defendants also request that the Court impose an additional monetary sanction of $75,000.00 to deter future violations. *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996) (dismissing Plaintiff's complaint and awarding $5,000 in attorney's fees for asserting a frivolous RICO claim); rehrg. den. 939 F.Supp. 254, aff'd, 113 F.3d 1229 (2d Cir.); *Caisse Nationale De Credit Agricole-CNCA New York Branch v. Valcorp, Inc.*, 28 F. 3d 259 (2nd Cir. 1994) (affirming imposition of $51,934.36 in sanctions against defense attorneys for pursuing frivolous argument regarding validity of loan agreement); *Calloway v. Marvel Entertainment Group*, 9 F. 3d 237 (2nd Cir. 1993) (affirming imposition of $200,000 in sanctions for asserting a frivolous claim).

## IV.    CONCLUSION

Plaintiffs failed to present a viable claim under either California's Uniform Trade Secret Act or Missouri's Uniform Trade Secret Act.  Rather than accept the outcomes of past litigation and await a pending appellate decision, Plaintiffs attempted to conceal its stale claim and asserted their claim before this Court in bad faith.  The only evidence in the record consists of Plaintiffs' false assertions of ignorance and

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

23

THE
SALEM
LAW FIRM
APLC

contradictory factual allegations, which remained conveniently vague as to time in numerous instances.  As a result, the Initial Complaint and FAC failed to establish a viable factual and legal basis for Plaintiffs' claim that Defendants conspired and misappropriated trade secrets.

In light of the foregoing, Defendants respectfully request the Court to impose sanctions of $102,843.99, which includes reimbursement of attorney's fees and an additional monetary sanction, and such other relief as may be necessary to deter future frivolous conduct.  Sanctions are particularly appropriate because Plaintiffs have litigated and continue to litigate the exact same factual and legal issues five times, this Court previously provided Plaintiffs an opportunity to cure the factual contradictions to no avail, and defense counsel requested that Plaintiffs withdraw the baseless claim well before the start of expensive litigation.

Date:   October 7, 2011

THE SALEM LAW FIRM
*A Professional Law Corporation*

Edmond E. Salem, Esq.
Attorney for Defendants Matthias Boldt and
S.A.N. Nutrition Corp.

THE
SALEM
LAW FIRM
APLC

3:10-CV-01411-WQH-RBB – DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

24