# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC; S103, INC., | CASE NO. 10CV1411 WQH (RBB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| MATTHIAS BOLDT; JOSEPH RODRIGUES; S.A.N. NUTRITION CORP., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Sanctions pursuant to Fed. R. Civ. P.11 filed by Defendants Matthias Boldt and S.A.N. Nutrition Corp. (ECF No. 27).

## I.    Background

On July 6, 2010, Creative Compounds, LLC and S103, Inc. initiated this action by filing the Complaint. (ECF No. 1). On September 15, 2010, Defendants Matthias Boldt and S.A.N. Nutrition Corp. filed a Motion to Dismiss the Complaint which was granted. (ECF Nos. 8, 14).

On February 11, 2011, Plaintiffs filed a Motion for Leave to file a First Amended Complaint which was granted. (ECF Nos. 15, 18). On April 7, 2011, the First Amended Complaint was filed. (ECF No. 19).

On April 27, 2011, Defendants filed a Motion to Dismiss the First Amended

Complaint. (ECF No. 20). On August 31, 2011, Defendants' Motion to Dismiss the First Amended Complaint was granted. (ECF No. 25). The First Amended Complaint was dismissed without leave to amend.

On October 7, 2011, Defendants filed a Motion for Sanctions pursuant to Fed. R. Civ. P.11. (ECF No. 27). On October 31, 2011, Plaintiffs filed an Opposition. (ECF No. 28). On November 3, 2011, Defendants filed a Reply. (ECF No. 29).

## II.     Contentions of the Parties

Defendants seek an award of sanctions in the amount of $75,000.00 and an award of attorney's fees in the amount of $27,843.99 for a total of $102,843.99. Defendants contend that the Complaint and First Amended Complaint were meritless, contained contradictory factual allegations, and failed to state a claim. Defendants contend that the Complaint and First Amended Complaint were filed in bad faith for the improper purpose of harassing Defendants and increasing Defendants' legal fees. Defendants contend that "plaintiffs have engaged in similar conduct by litigating the same unsuccessful and frivolous claims numerous times in state and federal courts." (ECF No. 27 at 3). Defendants contend that they have substantially complied with Rule 11's safe harbor provision on the grounds that Defendants provided Plaintiff with a letter describing the offensive conduct on September 1, 2010.[1]

Plaintiffs contend that they have not acted in bad faith. Plaintiffs contend that the Complaint and First Amended Complaint were not frivolous and were not filed for an improper purpose. Plaintiffs contend that Defendants failed to comply with the twenty-one

---

[1] In Defendants' Reply, Defendants seek the alternative relief of sanctions pursuant to the court's inherent authority provided by 28 U.S.C. § 1927. Generally, courts decline to consider arguments raised for the first time in a reply brief as it deprives the opposing party of adequate opportunity to respond. *See Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1417 n.12 (9th Cir. 1990); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)). Even if the Court considered Defendants request for sanctions pursuant to the court's inherent authority, the Court would deny the request.

28 U.S.C. § 1927 provides that: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* The Court must make a "finding of subjective bad faith." *BKB v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). The Court does not find that Plaintiffs multiplied the proceedings and the Court does not find that Plaintiffs acted with subjective bad faith.

day safe harbor provision in Rule 11 on the grounds that Defendants filed and served the Motion for Sanctions on the same day.

**III.    Discussion**

Federal Rule of Civil Procedure 11(c) provides:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(c)(1). Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which requires a party seeking sanctions "to give the opposing party 21 days" to withdraw or otherwise correct the offending paper before filing the motion for sanctions. *Id.* at 678; Fed. R. Civ. P. 11(c)(1)(A). The Court of Appeal for the Ninth Circuit enforces the safe harbor provision "strictly," and "must reverse the award of sanctions when the challenging party [fails] to comply with the safe harbor provisions, even when the underlying filing is frivolous." *Id.* at 678; *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding that plaintiff's informal warnings did not satisfy the "strict requirement that a motion be served on the opposing party twenty-one days prior to filing."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("[I]t would therefore wretch both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion");. *Bailey v. Root, Case No. 10cv0367 BTM(CAB)*, 2010 WL 2803950 at *5 (S.D. Cal. July, 14 2010) (denying request for sanctions on the grounds that the movant did not comply with the safe harbor provision).

In this case, Defendants served and filed the Motion for Sanctions pursuant to Rule 11 on the same day. Accordingly, the Motion fails to give the required safe harbor notice. In addition, the Motion was served and filed after the Complaint was dismissed with prejudice depriving Plaintiffs "of any opportunity to take advantage of the safe harbor provision."

*Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1152 (9th Cir. 2002).[2]

**IV.  Conclusion**

The Motion for Sanctions pursuant to Fed. R. Civ. P.11 filed by Defendants Matthias Boldt and S.A.N. Nutrition Corp. (ECF No. 27) is DENIED.

DATED: November 15, 2011

**WILLIAM Q. HAYES**
United States District Judge

---

[2] Plaintiffs also seek an award of attorney's fees and costs for time spent opposing this Rule 11 Motion. Federal Rule of Civil Procedure 11(c) provides: "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The Court does not find that an award of attorney's fees is warranted in this case.